UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Carlos Manuel Arita, | Crim. No.: 4:13-cr-01087-RBH-1 |
| | Civ. No.: 4:17-cv-01679-RBH |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF Nos. 85 & 88. The Court denies the motion for the reasons herein.[1]

## **Background**

On September 8, 2014, Petitioner pled guilty pursuant to a written plea agreement to the lesser-included charge in Count 2 of the Superseding Indictment, which charged possession with intent to distribute fifty grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *See* ECF Nos. 39, 58–60. On February 11, 2015, the Court sentenced Petitioner to ninety-six months' imprisonment followed by a term of supervised release of four years. *See* ECF Nos. 65 & 67. Judgment was entered on February 12, 2015. *See* ECF No. 67. Petitioner did not file a direct appeal.

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

1

On June 22, 2017,[2] he filed the instant pro se § 2255 motion.[3] *See* ECF Nos. 85 & 88. On July 31, 2017, the Government filed a motion to dismiss. *See* ECF No. 93. The Court issued a *Roseboro*[4] order notifying Petitioner that a motion to dismiss or for summary judgment had been filed and that his failure to respond within thirty-one days could result in the dismissal of the case. *See* ECF No. 94. However, Petitioner did not file a response to the Government's motion.

## Legal Standard

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, will not be allowed to do service for an appeal. For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (internal quotation marks and citation omitted). "Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* (internal quotation marks omitted).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

[3] Petitioner previously filed a § 2255 motion that the Court dismissed without prejudice. *See* ECF Nos. 78, 82–83.

[4] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

## **Discussion**

The Government argues Petitioner's § 2255 motion is untimely and must be dismissed. *See* ECF No. 93 at pp. 1–2. The Court agrees.

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation . . . ." *Clay v. United States*, 537 U.S. 522, 524 (2003). The one-year limitation period runs from the latest of the following four dates:

>   (1)   the date on which the judgment of conviction becomes final;
>
>   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year time limitation is subject to equitable tolling "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United*

3

*States*, 775 F.3d 180, 184 (4th Cir. 2014) (internal quotation marks omitted). "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). A court must determine whether equitable tolling is warranted "on a case-by-case basis." *Holland*, 560 U.S. at 650.

In this case, Petitioner did not file a direct appeal. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal." *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753 (4th Cir. 2000) (unpublished table decision) (citing *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), and *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)). Giving Petitioner the benefit of the fourteen-day appeal period, *see* Fed. R. App. P. 4(b)(1)(A)(i), his conviction became final on February 26, 2015. Thus, he had until February 26, 2016, to file the § 2255 motion. However, Petitioner did not file his instant § 2255 motion until June 22, 2017, and therefore it is untimely.[5] Additionally, he has failed to show the other three potential triggering dates set forth in § 2255(f)(2)–(4) apply to his case. Finally, he has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling.

Moreover, the Court notes Petitioner is not entitled to relief for the reasons outlined in Respondent's motion.[6] *See* ECF No. 93 at p. 2. Accordingly, the Court will deny Petitioner's § 2255

---

[5] Although Petitioner originally filed a timely § 2255 motion, *see* ECF No. 78, the Court dismissed that petition without prejudice. *See* ECF No. 82. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[T]he statute of limitations did not reset after the dismissal of [the petitioner's] first § 2255 motion without prejudice[.]"); *see generally Lindsey United States*, 2013 WL 12086295, at *2 (E.D.N.C. Mar. 21, 2013) ("The one-year statute of limitations does not start anew nor is it tolled upon the dismissal of an initial motion without prejudice."), *appeal dismissed*, 591 F. App'x 219, 220 (4th Cir. 2015).

[6] Additionally, to the extent any of Petitioner's filings could be interpreted as a motion to correct under Federal Rule of Criminal Procedure 35(a), such a motion is untimely and there is no basis for granting such. *See* Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.").

4

motion.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** Respondent's motion to dismiss [ECF No. 93] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 85]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
October 23, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge